IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

STEVEN BULLARD                                                                                    PLAINTIFF

vs.                                        Civil No. 4:12-cv-04086

CAROLYN W. COLVIN                                                                           DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Steven Bullard ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff filed his disability applications on October 1, 2009. (Tr. 10, 115-124). In his applications, Plaintiff claims to be disabled due to a left eye injury, blindness in his left eye, blurred vision in his right eye, and ringing in his ears. (Tr. 182). Specifically, Plaintiff claims these impairments impact him in the following ways: "I can not drive, no depth perception, injering self

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

when working. I work construction. When I bend over I get headaches due to my eyes." (Tr. 182). Plaintiff alleges an onset date of June 1, 2002. (Tr. 10). These applications were denied initially and again upon reconsideration. (Tr. 52-55). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 62-64, 81-95).

Plaintiff's administrative hearing was held on November 18, 2010 in Texarkana, Arkansas. (Tr. 18-51). Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Joy Shoot testified at this hearing. *Id.* As of the date of this hearing, Plaintiff was thirty-seven (37) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). (Tr. 37). As for his level of education, Plaintiff testified he had obtained his GED. (Tr. 22-23).

On February 23, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 10-17). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through September 30, 2005. (Tr. 12, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 1, 2002, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: left eye pain–status post enucleation and loss of left eye vision. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 13-16, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained

2

the RFC to perform the full range of work at all exertional levels.[2] *Id.* Based upon this RFC determination, the ALJ found Plaintiff retained the capacity to perform his Past Relevant Work ("PRW") as a sandblaster (medium, unskilled) and as a painter (medium, unskilled). (Tr. 16, Finding 6). Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability as defined in the Act from his alleged onset date of June 1, 2002 through the date of his decision or through February 23, 2011. (Tr. 16, Finding 7).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 6). On June 14, 2012, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On July 23, 2012, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 2, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible

---

[2] In his opinion, the ALJ also stated Plaintiff had the additional limitation of being unable to perform "jobs that require fine vision or depth perception." (Tr. 16).

3

to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal brief, Plaintiff claims the following: (1) the ALJ erred in discrediting the chronic pain associated with his left eye blindness; (2) the ALJ erred in stating he had no non-exertional limitations; and (3) the ALJ failed to properly question the VE regarding his non-exertional limitations. ECF No. 8 at 1-19. In response, Defendant argues Plaintiff did not establish his impairments meet or equal the requirements of a Listing. ECF No. 9 at 4-7. Defendant also argues that substantial evidence supports the ALJ's RFC determination, the ALJ's credibility determination, and the ALJ's Step Four determination. *Id.* at 7-15. Because this Court agrees with Plaintiff's first argument and finds the ALJ improperly performed a *Polaski* evaluation and improperly discounted his subjective complaints, this Court will only address the first issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[3] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[3] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ discounted Plaintiff's subjective complaints of left eye pain based upon: (1) the findings of one-time examining physician Dr. Geren, (2) Plaintiff's reported daily activities, and (3) Plaintiff's sparse treatment records. (Tr. 13-16). Specifically, on November 11, 2009, Plaintiff was examined by Dr. Blake N. Geren, M.D. of the Eye Group of Fort Smith, Arkansas as a part of a consultative examination. (Tr. 359). During this examination, Dr. Geren reported Plaintiff had "intense photophobia in the right eye" and "no light perception vision in the left eye." *Id.* Dr. Geren did not report that Plaintiff was suffering from pain due to his left eye

blindness, and the ALJ relied upon the fact Dr. Geren found no left eye pain. (Tr. 15, 359).

As for Plaintiff's daily activities, the ALJ stated that Plaintiff did not report having "any problems with personal care," was able "to prepare light meals and do yard work, if he feels up to it," "spends time outdoors playing with his dog," and "shops, talks with and visits others." (Tr. 15). Plaintiff completed the function report reflecting these daily activities on October 17, 2009. (Tr. 173-180). Finally, as for Plaintiff's treatment records, the ALJ noted they were sparse and found Plaintiff had "a limited history of treatment" from his alleged onset date "until he reported a complaint of pain in 2009." (Tr. 15). Standing alone, these reasons for discounting Plaintiff's subjective complaints of disabling eye pain would ordinarily be sufficient. *See Juszczyk v. Astrue*, 542 F.3d 626, 632 (8th Cir. 2008) (holding that where the ALJ explicitly discredits the claimant and gives good reasons for doing so, the ALJ's credibility determination is normally entitled to deference).

However, in this case, the Court finds these reasons are not sufficient because they do not relate to the proper time period. Plaintiff's medical records demonstrate that he sustained a left eye injury in 2002. (Tr. 14). Thereafter, Plaintiff reinjured his eye. *Id.* Plaintiff then had his *left eye removed on May 10, 2010.* (Tr. 14). Subsequent to his left eye being removed, he reported having left eye pain that "hurts with activity." *Id.* His subjective complaints of left eye pain are also supported by his medical records dated after his eye surgery. *See, e.g.,* Tr. 510-515.

Accordingly, instead of discounting Plaintiff's subjective complaints of disabling eye pain based upon a consultative report dated *before* his left eye surgery and based upon Plaintiff's daily activities as he performed them *before* his left eye surgery, the ALJ should have considered the more recent medical records. If the recent records are not sufficient for determining Plaintiff's functional limitations, the ALJ should order a consultative evaluation to be performed in order to assess

Plaintiff's functional limitations. Further, on remand, the ALJ should carefully consider whether Plaintiff's eye impairments meet or equal the requirements of any of the vision listings (Listings 2.02, 2.03, or 2.04).[4] Based upon the ALJ's opinion in this case, it is unclear whether the ALJ even considered this issue.

**4.        Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 21st day of May 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[4] Notably, after his left eye surgery in May of 2010, Plaintiff reported suffering from vision problems in his *right* eye as well, and his vision was found to be "poor" in his right eye on November 16, 2010. (Tr. 585). It is unclear whether his right eye vision is "poor" enough to meet the requirements of Listings 2.02, 2.03, or 2.04.